IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR., : | |
| Plaintiff, : | |
| v. : | C. A. No. 07-015-JJF |
| WARDEN THOMAS CARROLL, : | |
| CORRECTIONAL MEDICAL SERVICES, : | TRIAL BY JURY OF |
| STAN TAYLOR, and JOYCE TALLEY, : | TWELVE DEMANDED |
| Defendants. : | |

## DEFENDANTS' CORRECTIONAL MEDICAL SERVICES' ANSWER TO AMENDED COMPLAINT

Defendant Correctional Medical Services ("CMS") (hereinafter the "Answering Defendant"), by and through the undersigned attorneys, submit Its Answer to the Amended Complaint in the above-referenced action.

III. (sic)   Defendants

2. Denied that a regional office is "employed" as subsidiary or representative. Admitted that CMS provides health services to the Delaware Department of Corrections.

3. Admitted that CMS provides health services and that its address is as indicated.

4. No answer required from answering defendant.

5. No answer required from answering defendant.

WHEREFORE, Defendant CMS demands judgment in its favor plus costs and reasonable attorney's fees.

IV   ANSWER TO STATEMENT OF CLAIM

5. (sic) Admitted that Defendant sets policies for its internal operations. Denied that it is solely

DE084487.2

responsible for the policies concerning administration of health services in the prison environment. The balance of the allegations are denied.

6. No answer required from answering defendant. To the extent an answer is required, defendant is without sufficient knowledge or information to form a belief as to this allegation and it is therefore, deemed denied.

7. No answer required from answering defendant. To the extent an answer is required, defendant is without sufficient knowledge or information to form a belief as to this allegation, and it is therefore deemed denied.

WHEREFORE, Defendant CMS demands judgment in its favor plus costs and reasonable attorney's fees.

## CONTINUING ANSWER TO AMENDED COMPLAINT ATTACHED TO THE PLAINTIFF'S MOTION TO AMEND, THAT THE COURT HAS DEEMED AN <u>AMENDED COMPLAINT</u>

I. (sic) Answer to Previous Lawsuits.

    A. No answer required by answering defendant as the plaintiff merely recites former lawsuits;

WHEREFORE, Defendant CMS demands judgment in its favor plus costs and reasonable attorney's fees.

II. (sic) Answer to Exhaustion of Administrative Remedies.

    A-D. To the extent an Answer is required, Defendant lacks sufficient knowledge or information so as to form a belief as to this allegation and it is therefore deemed denied.

WHEREFORE, Defendant CMS demands judgment in its favor plus costs and reasonable

attorney's fees.

III. (sic) ANSWER TO RECITATION OF DEFENDANTS.

    1.    No answer required as Plaintiff merely recites Thomas Carroll as defendant.

    2.    Admitted that CMS is a private contract health care provider for the Delaware Department of Corrections. The balance of the allegation is denied.

WHEREFORE, Defendant CMS demands judgment in its favor plus costs and reasonable attorney's fees.

IV. (sic) ANSWER TO STATEMENT OF CLAIM

    1.    As this allegation is directed to Defendant Thomas Carroll, no answer required by Answering Defendant.

    2.    As this allegation is directed to Defendant Thomas Carroll, no answer required by Answering Defendant.

    3.    Denied.

    4.    Admitted that defendant CMS has provided inmates with outside consults when required. The balance of the allegation is denied. It is specifically denied that Plaintiff has been denied the equal protection of the law by CMS, or that CMS has unlawfully discriminated against the Plaintiff.

WHEREFORE, Defendant demands judgment in its favor plus costs and reasonable attorney's fees.

V. (sic) Relief

    1.    Denied that the Plaintiff is entitled to injunctive relief.

    2.    Denied that the Plaintiff is entitled to compensatory damages.

DE084487.2

3. Denied that the Plaintiff is entitled to punitive damages.

WHEREFORE, Defendant CMS demand judgement in its favor plus costs and reasonable attorney's fees.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted as to some or all of his claims, including a claim for compensatory damages, punitive damages, and injunctive relief.

2. Plaintiff fails to state a claim against Answering Defendant upon which he may recover with respects to all civil rights claims as Answering Defendant is not deliberately indifferent to a serious medical need.

3. Plaintiffs' claims are barred by the applicable statute of limitations.

4. Plaintiff fails to state a claim against defendant CMS upon which he may recover with respect to claims for civil rights violations, as there is no vicarious liability for civil rights claims.

5. The Complaint fails to state a claim for punitive damages upon which may recover.

6. Answering Defendant has provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

7. Plaintiff has failed to exhaust his administrative remedies.

8. Plaintiff's injuries, if any, resulted from a superseding intervening cause.

9. Plaintiff's injuries, losses, or damages, if any, were the direct, sole, and proximate result of activities or conduct of persons or entities for whom the Answering Defendant is not responsible and over whom the Answering Defendant has no right of authority or control.

10. Answering Defendant denies that it is liable whatsoever to Plaintiff. However, if

Answering Defendant is held to answer to Plaintiff under the allegations against it in the Complaint, then Answering Defendant is entitled to indemnification from co-defendants for any amount which it may be required to pay to Plaintiff.

11. Plaintiff failed to properly plead a medical malpractice action against Answering Defendants.

12. Plaintiff failed to file an affidavit of merit pursuant to 18 Del.C. § 6853 and the Complaint should therefore be dismissed.

13. Defendants are protected by the Qualified Immunity Doctrine.

14. Defendants had a legitimate penological basis for its actions.

WHEREFORE, Defendant Demands judgment in its favor plus costs and reasonable attorney's fees.

## ANSWER TO ALL PRESENT AND FUTURE CROSSCLAIMS

Answering Defendant denies all crossclaims now or hereinafter asserted against it.

**WHEREFORE**, the Answering Defendant asks that the complaint against it be dismissed with prejudice and all costs and reasonable attorney's fees be assessed against the Plaintiff.

Marks, O'Neill, O'Brien & Courtney, P.C.

By: _____
Megan T. Mantzavinos, Esquire/ID No. 3802
Patrick G. Rock, Esquire/ID No. 4632
913 Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorneys for Defendant CMS*

DATED: August 3, 2007

DE084487.2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR., | : |
| Plaintiff, | : |
| v. | : C. A. No. 07-015-JJF |
| WARDEN THOMAS CARROLL, CORRECTIONAL MEDICAL SERVICES, STAN TAYLOR, and JOYCE TALLEY, | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Patrick G. Rock** hereby certify that on **August 3, 2007,** I electronically filed an **Answer to Amended Complaint** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Inmate William Francis, Jr., *Pro Se*
SBI# 264560
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ *Patrick G. Rock*
Patrick G. Rock, Esquire / I.D. No. 4632
*Attorney for Defendants*

DE083658.1