IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM FRANCIS, JR.,           :
                                :
         Plaintiff,             :
                                :
    v.                          :   Civ. Action No. 07-015-JJF
                                :
WARDEN THOMAS CARROLL,          :
CORRECTIONAL MEDICAL SERVICES,  :
COMMISSIONER STAN TAYLOR, and   :
and JOYCE TALLEY,               :
                                :
         Defendants.            :

## MEMORANDUM AND ORDER

At Wilmington this 1 day of August, 2007;

Pending before the Court is Plaintiff's Motion For The

Appointment Of Counsel and supporting memorandum.  (D.I. 18, 19.)

For the reasons discussed, the Motion will be denied.

## I.  BACKGROUND

Plaintiff William Francis, Jr., who appears pro se, is an

inmate at the Delaware Correctional Center.  He filed this civil

rights action pursuant to 42 U.S.C. § 1983 for violations of his

rights under the Eighth Amendment.  More specifically, Plaintiff

alleges Defendants are deliberately indifferent to his serious

medical need by failing to treat his advanced periodontal

disease.

Now before the Court is Plaintiff's Motion for Appointment

of Counsel.  (D.I. 18.)  Plaintiff seeks appointed counsel on the

bases that he is unable to afford counsel, the issues in the case

are complex, he has a limited knowledge of the law, he does not

have access to computer assisted legal research, he does not have
unrestricted telephone use or access to e-mail and facsimile to
contact expert witness and professionals, and he does not have
the ability to investigate the facts and analyze dental/medical
records.

## II.   DISCUSSION

Indigent civil litigants possess neither a constitutional
nor a statutory right to appointed counsel.  Parham v. Johnson,
126 F.3d 454, 456-57 (3d Cir. 1997).  Nonetheless, district
courts have statutory authority to appoint counsel for indigent
civil litigants at any time during the litigation.  28 U.S.C. §
1915(e)(1) (providing that "[t]he court may request an attorney
to represent any person unable to afford counsel"); Montgomery v.
Pinchak, 294 F.3d 492, 504 (3d Cir. 2002).  Section 1915(e)(1)
affords district courts broad discretion in determining whether
appointment of counsel in a civil case is appropriate.  Tabron v.
Grace, 6 F.3d 147, 153 (3d Cir. 1993).

When evaluating a motion for the appointment of counsel
filed by a pro se plaintiff, initially, the Court must examine
the merits of the plaintiff's claim to determine whether it has
some arguable merit in fact and law.  See Parham, 126 F.3d at 457
(citing Tabron, 6 F.3d at 157).  If the case has arguable merit
in law and fact the Court should proceed to consider (1)
Plaintiff's ability to present his own case; (2) the difficulty

of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony of expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-56, 157 n.5). The list of factors is not exhaustive.

The Court assumes solely for the purpose of deciding the pending Motion, that Plaintiff's claims have arguable merit, and will, therefore, consider the factors articulated in Parham and Tabron. Keeping in mind the practical considerations cited above and exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted at this time.

Plaintiff proceeds in forma pauperis and it appears, therefore, he is unable to afford legal representation. Plaintiff has demonstrated the ability to present his own case. His filings are comprehensible and demonstrate some knowledge of the legal system. While he does have a dental/medical claim, at this juncture it is not evident that expert testimony will be required. Accordingly, the Court will deny without prejudice, Plaintiff's Motion For Appointment Of Counsel. (D.I. 18.)

## III.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion For

Appointment Of Counsel (D.I. 18) is **DENIED** without prejudice.

UNITED STATES DISTRICT JUDGE