IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William Francis, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.07-015-JJF |
| | )   Jury Trial Demanded |
| Correctional Medical Services, Inc., et al, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT AND AS AMENDED**

State Defendants, Thomas Carroll, Stan Taylor, and Joyce Talley (State Defendants), by and through the undersigned counsel, hereby answer the Plaintiff's Complaint as follows:

**I.    PREVIOUS LAWSUITS**

State Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore deny same.

**II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

A.    There is a prisoner grievance procedure available at the Delaware Correctional Center at all times relevant to the complaint.

B.    Plaintiff did not fully exhaust the available administrative remedies regarding each of the claims raised in the complaint.

C.    State Defendants lack knowledge or information sufficient to form a belief as to the allegations that Plaintiff filed a medical grievance, and therefore deny same.

**III.  PARTIES**

A.  Plaintiff, William Francis, Jr., is currently an inmate incarcerated in the custody of the Delaware Department of Correction. Plaintiff is *pro se*.

B.  Defendant Thomas Carroll is currently the Warden of the Delaware Correctional Center, Smyrna, DE; Stan Taylor, formerly the Commissioner of the Delaware Department of Correction is now retired; Joyce Talley is currently the Department of Correction Division Director, all collectively "State Defendants."

IV.  **STATEMENT OF CLAIM**

1.  Defendant Thomas Carroll has been deliberately indifferent to plaintiff's serious medical need to treat his chronic (advanced) periodontal disease by denying him access to any type of dental floss, in violation of the Eighth Amendment.

**ANSWER:  DENIED.**

2.  Defendant Thomas Carroll has discriminated against plaintiff by denying him access to any type of dental floss, although other inmates similarly situated at the Sussex Correctional Institution (SCI) are authorized to purchase and use dental floss, in violation of the Fourteenth Amendment.

**ANSWER:  DENIED.**

3.  Defendant CMS has been deliberately indifferent to plaintiff's chronic (advanced) periodontal disease by refusing to allow plaintiff to be treated by a periodontist, in violation of the Eight Amendment . . . . plaintiff has experienced high blood pressure symptoms and complications in 2005 and 2006.

**ANSWER:  DENIED.**

4.  Defendant CMS has denied to plaintiff equal protection by allowing other inmates to receive treatment from outside specialists for a wide range of conditions and

diseases, and disallowing plaintiff visits with a periodontist, in violation of the Fourteenth Amendment.

**ANSWER:** **S**TATE **D**EFENDANTS ARE WITHOUT KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO THIS ALLEGATION, THEREFORE DEFENDANTS DENY SAME.

5.     Defendant CMS-Main Office is the parent company of CMS-Delaware and as such is solely responsible for setting policies, regulations, practices, rules and daily internal operations for the administration and provision of health services to Delaware prisoners. . . .  Defendant CMS-Main Office has been deliberately indifferent to plaintiff's needs for treatment . . . in violation of plaintiff's Eighth and Fourteenth Amendment rights.

**ANSWER:** **S**TATE **D**EFENDANTS ARE WITHOUT KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO THIS ALLEGATION, THEREFORE DEFENDANTS DENY SAME.

6.     Defendant Stan Taylor, as DOC Commissioner from January 2004 through 2006, authorized the ban on dental floss at the Delaware Correctional Center and failed to improve dental services for prisoners at the Del. Corr. Ctr. (DCC) when he entered into an exclusive contract with CMS, in violation of plaintiff's Eighth and Fourteenth Amendment rights.

**ANSWER:** **D**ENIED.

7.     Defendant Joyce Talley was the Bureau Chief of the Bureau of Management Services of the Delaware DOC and was specifically in charge of oversight of prisoner health care services and medical vendor's compliance with its contract, including responsibility for detailed reviews of inmate-prisoner grievances from January 2004

through 2006. Defendant Joyce Talley knew or should have been aware that plaintiff's right(s) to be properly treated for his chronic periodontal disease was/were being violated, and in her capacity violated plaintiff's Eighth and Fourteenth Amendment rights.

**ANSWER:** **DENIED.**

## RELIEF SOUGHT

8. Defendants Deny that Plaintiff is entitled to the relief that he seeks in his complaint.

## AFFIRMATIVE DEFENSES

9. Plaintiff failed to state a claim upon which relief can be granted.

10. Plaintiff failed to exhaust his administrative remedies.

11. Plaintiff's claims are barred by the applicable statute of limitations.

12. Plaintiff's suit for monetary damages against State Defendants as set forth in paragraph V is barred by the Eleventh Amendment to the United States Constitution.

13. Plaintiff failed to show that State Defendants are liable for alleged constitutional deprivations in the absence of any State Defendants' personal involvement.

14. Plaintiff is barred from suit imposing § 1983 liability against State Defendants on the basis of a *respondeat* superior theory.

15. To the extent of actual involvement, State Defendants acted in good faith, as state officers, or as individuals in all actions which relate to the Plaintiff, and therefore, are immune from all claims alleged in Plaintiff's complaint.

16. Plaintiff was not deprived of his constitutional rights or protection by the State Defendants as a result of the wrongful acts of persons or entities for whom State Defendants have no right of authority or control.

17.    Plaintiff's injuries, if any, resulted from an intervening and/or superseding cause.

18.    Plaintiff's alleged injuries, losses or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for which State Defendants had no knowledge of the risk of harm.

19.  Plaintiff acted with contributory negligence.

Wherefore, the State Defendants, Thomas Carroll, Stan Taylor, and Joyce Talley demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims, and attorney's fees and costs be awarded to defendants.

                                                      STATE OF DELAWARE
                                                     DEPARTMENT OF JUSTICE

                                             /s/ Ophelia M. Waters
                                            Ophelia M. Waters, I. D. #3879
                                            Deputy Attorney General
                                            Carvel State Office Building
                                            820 North French Street, 6th Floor
                                            Wilmington, Delaware 19801
                                             (302) 577-8400
                                            Counsel for State Defendants

Dated: August 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I electronically filed *State Defendants' Answer to Plaintiff's Complaint and as Amended* with the Clerk of Court using CM/ECF. I hereby certify that on August 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

William Francis, Jr., Inmate
SBI # 264560
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us