IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR. | : |
| Plaintiff, | : |
| v. | : C.A. No. 07-015-JJF |
| WARDEN THOMAS CARROLL, CORRECTIONAL MEDICAL SERVICES, STAN TAYLOR, and JOYCE TALLEY, | : TRIAL BY JURY OF : TWELVE DEMANDED |
| Defendants. | : |

**PLAINTIFF'S REPLY TO DEFENDANT CORRECTIONAL MEDICAL SERVICES' ANSWER TO AMENDED COMPLAINT**

Plaintiff, pro se, submits his reply to defendant Correctional Medical Services' ("CMS") Answer to [plaintiff's] Amended Complaint in the above-referenced action.

**Exhaustion of Administrative Remedies And Statute of Limitations**

Plaintiff has exhausted his administrative remedies and his 42 U.S.C. Section 1983 complaint was filed within the two-year statute of limitations (Exhibit A). Plaintiff had until 6/16/07 to file a timely complaint and he filed his complaint in January 2007 – more than five (5) months before the limitations period ran to an end.

**Defendants Are Not Protected By The Qualified Immunity Doctrine**

The Qualified Immunity Doctrine does not apply to claims for injunctive relief and plaintiff has claimed that he is entitled to injunctive relief in his original complaint. American Fire, Theft & Collision Managers, Inc. v. Gillespie, 932 F.2d 816, 818 (9th Cir. 1991); Newman v. Burgin, 930 F.2d 955, 957 (1st Cir. 1991); Chrissy F. by Medley v. Mississippi Department of Public Welfare, 925 F.2d 844, 849 (5th Cir. 1991). CMS is a private health services provider

and qualified immunity does not protect private parties who are acting under color of state law. Wyatt v. Cole, 504 U.S. \_\_\_\_\_, 112 S.Ct. 1829, 1833-34 (1992).

It is upon plaintiff's information and belief that defendant CMS has been sued in every district across the United States in which it has operated within various state prison systems. In February 2003, CMS was ordered to pay $1.75 million resulting from an Illinois jail suicide. CMS settled a wrongful death suit in October 2005 involving Delaware prisoner Anthony Pierce, who developed a 10-inch cancerous lump on his head that CMS staff failed to treat. On March 28, 2007, Delaware prisoner Richard Mark Turner prevailed on a pro se federal lawsuit against CMS; the district court judge granted Turner's motion for summary judgement, finding that CMS had provided Mr. Turner with "obviously inadequate" care. CMS has been fined for contract violations in the past, numerous lawsuits have resulted in damage awards and settlements and some state and local governments have discontinued their contracts with the company – including Delaware at one time or another.

According to the Arkansas Democrat-Gazette, the Arkansas Board of Corrections renewed the prison system's contract with CMS on April 21, 2006. Despite the contract extension, the Board sharply and specifically criticized CMS for its *poor* dental services and staff retention, and for inefficient data collection and analysis (emphasis added). There is no indication that defendant CMS has done anything to improve its provision of dental services to prisoners since April 21, 2006, which serves to indicate a patterned practice of deliberate indifference. Therefore, defendant CMS should not be allowed to escape liability to plaintiff in this case.

**Plaintiff Has Successfully Stated Claims Against Answering Defendant Upon Which He May Recover And liability Has Accrued Beyond Any Reasonable Standard**

2

Defendant CMS has not refuted or denied the core issue of this complaint: that advanced chronic periodontitis is a major contributor to hypertension which involves high blood pressure and coronary heart and artery disease. It is no coincidence that plaintiff's hypertension/high blood pressure problems worsened since he arrived from federal prison, via the Howard R. Young facility in Wilmington, to DCC in January 2004. Plaintiff's history of high blood pressure and its symptoms (including headaches and rapid heart palpitations) is well-documented. The American Academy of Periodontology ("AAP") (2007) and the Centers of Disease Control ("CDC")(2006) released reports, conclusively stating as a result of substantial medical research and findings, that periodontal disease increases the risks of heart attack and stroke (Exhibit B.).

Doctors Kathy Kionke, Bishop, Lisa and Dental Assistant Georgiana Mickens are employed by CMS to provide dental services to prisoners at DCC and have treated plaintiff from 2005 up to and beyond the date he filed his complaint. Plaintiff admits that all four named employees have done everything within their professional training to treat plaintiff's serious medical condition. However, they have also lamented that they have access to limited resources and equipment, and prisoners with periodontal disease are prohibited from being treated by an outside specialist-periodontist due to fiscal budget and cost constraints imposed by defendant CMS. Doctors Kionke, Bishop and Lisa admitted to plaintiff that he needs surgical and invasive treatment from a periodontist, and that CMS would not allow plaintiff to have access to a periodontist. This fact alone demonstrates deliberate indifference and unequal protection because other inmates similarly situated with serious non-dental medical needs are permitted access to a specialist. Plaintiff expressed his need to be treated by a specialist to the DCC/CMS Medical Grievance committee ("MGC") on September 25, 2006, the then

DCC/CMS Health Services Administrator ("HSA") John Rundle on October 24, 2006 and to the dental services staff during several appointments (Exhibit C). Defendant CMS knew or should have known that a substantial risk of serious harm would or could result from its failure to carry out plaintiff's treatment properly and completely.

Plaintiff continues to hemorrhage during daily routine brushing. He bleeds most when his blood pressure is elevated beyond a healthy level and less when his blood pressure is normal or close to normal. Plaintiff can literally feel liquids and beverages in general seeping into his deep gum pockets. Plaintiff is not a medical expert; however, information on the life-threatening health risks of chronic periodontal disease is available in health magazines, medical journals, encyclopedias and all over the internet to any layperson. Defendant CMS cannot now claim ignorance and lack of knowledge. It is common knowledge to medical professionals and anyone who reads newspapers and watches news programs that food particles can flow through a deteriorated gum pocket directly into the blood stream, which amasses as plaque around the heart.

Plaintiff's complaint is not an attempt to plead a medical malpractice action against CMS. More to the point, the issue that plaintiff seeks to have considered by this Honorable court and a jury is whether CMS has provided him with reasonably adequate medical care (dental services). Langley v. Coughlin, 888 F.2d 252, 254 (2nd Cir. 1989)(officials must provide "reasonably necessary medical care... which would be available to [the prisoner] if not incarcerated"). Courts have defined "adequate" medical services as "services at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards. Tillery v. Owens, 719 F. Supp. 1256, 1305 (W.D.Pa. 1989),

aff'd, 907 F.2d 418 (3rd Cir. 1990); Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991).

Plaintiff's condition is in the late stages and according to X-rays and measurements of his gum pockets taken by Dr. Kionke in early 2007, significant bone loss and loosening of teeth has already occurred. At this point, plaintiff is in need of surgery to cut out the infected portion of the gum so the bacteria can be removed which would allow healthy underlying tissue to reattach itself to the teeth that are salvageable. The few teeth that will have to be removed can be replaced with dental implants. Chewing ability and clarity of speech may be impaired if missing teeth are not replaced. Each tooth functions to hold the teeth on either side and opposite it in place. If a tooth is lost, the tooth opposite may erupt further and the teeth on either side shift in their positions because there is no counterforce to keep them in place. Food particles lodge in the spaces created by the missing and shifting teeth, periodontal disease further advances, causing the loss of additional teeth and contributing to the occurrence of a major heart attack or stroke.

For the foregoing reasons, plaintiff is entitled to immediate injunctive relief and all requested damages. Defendant CMS claims it had a legitimate penological basis for its actions. However, it should be duly noted that plaintiff is not a security risk, he has earned minimum security status and a private contractor such as CMS is not in the business of prison management, administration, and security and custody issues. Dental care is one of the most important medical needs of inmates. See Ramos v. Lamm, 639 F.2d 559, 576 (10th cir. 1980); accord Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Hunt v. Dental Department, 865 F.2d 198, 200 (9th cir. 1989). Plaintiff is entitled to treatment because his condition is a threat to his health and defendant CMS has demonstrated an almost criminal disregard for and

indifference to plaintiff's present health and future well-being. See <u>Dean v. Coughlin</u>, 623 F.Supp. 392, 404 (S.D.N.Y. 1985).

WHEREFORE, the plaintiff respectfully requests that the complaint be upheld and this action be permitted to proceed to a trial by jury of twelve.

                                      Respectfully submitted,

                                      By: *William Francis, Jr. pro se*
                                            William Francis, Jr., pro se
                                                       SBI #264560
                                                 1181 Paddock Road
                                                 Smyrna, DE 19977

Dated: August 22, 2007

## Certificate of Service

I, William Francis, Jr. hereby certify that I have served a true and correct copy of the attached PLAINTIFF'S REPLY TO DEFENDANT CMS' ANSWER TO AMENDED COMPLAINT upon the following parties/persons:

To: Megan T. Mantzavinos, Esquire
Ryan M. Ernst, Esquire
913 Market Street, #800
Wilmington, DE 19801

To: Ophelia M. Waters, Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

BY PLACING IN A SEALED ENVELOPE, and depositing same in the United States mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 25th day of August, 2007

*William Francis, Jr., pro se*
William Francis, Jr., plaintiff, pro se
SBI #264560
1181 Paddock Road
Smyrna, DE 19977