IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| William Francis, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.07-015-JJF |
| ) | Jury Trial Demanded |
| Correctional Medical Services, Inc., et al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN OPPOSITION TO DEFAULT JUDGMENT**

COME NOW, the State Defendants, by and through their counsel, and hereby Move this Honorable Court to enter an Order DENYING Plaintiff's Motion for default judgment. In support of their Motion, Defendants offer the following:

1. On or about January 1, 2007, Plaintiff filed a complaint pursuant to § 1983. On or about April 4, 2007, plaintiff filed an amended complaint against Correctional Medical Services and prison officials. The State Defendants in this action are officers of the state government and the claim against them arose in connection with the exercise of their official powers and duties. Plaintiff served the prison officials and the State of Delaware on varying dates. (D.I.I 13 – 15). The last State Defendant, Stan Taylor, was served on July 31, 2007. (D.I. 23). An answer was due and filed on August 20, 2007. One week later, the Plaintiff filed a motion for entry of default judgment.

2. Federal Rules of Civil Procedure Rule 55 (b) provides: "when a party has failed to appear, plead or otherwise defend, as provided by these Rules, and that fact is made to appear, judgment by default *may* be entered . . . ." [emphasis added]. Whether a default judgment shall

issue is in the Court's discretion.

3.  The Third Circuit has adopted a policy of disfavoring default judgments and encouraging decisions on the merits. *See Harad v. Aetna Casualty & Surety Company*, 839 F.2d 979, 982 (3d Cir. 1988); *Jones v. Kearney*, 2000 WL 1876433 (D. Del.).

4.  The Third Circuit has noted that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-46 (3d Cir. 1951)).

5.  Default is a disfavored manner in which to resolve litigation and Plaintiff has failed to demonstrate any prejudice which would result from allowing this case to proceed on the merits. Additionally, the Defendants respectfully argue that they will plead meritorious defenses and that the delay in responding to the complaint occurred through no fault of the individual defendants. According to the standards for setting aside default judgments, the Defendants would be entitled to have any default judgment set aside.

6.  Plaintiff has failed to identify how he would suffer any prejudice by denying his motion for default judgment. The effect of denial of his motion would be to allow the case to proceed and permit Plaintiff the opportunity to litigate his claim. The delay in this matter is attributable to the Plaintiff. According to the docket, Plaintiff waited more than 90 days to effect proper service of the amended complaint on at least one state defendant. (*See* D.I. 23). To the extent Plaintiff claims any prejudice, it would be disingenuous for Plaintiff to now claim that this delay caused him prejudice.

7.  Furthermore, Plaintiff's claim is based on rights which are not legally cognizable.

Plaintiff alleges that his civil liberties were violated when he was incarcerated without adequate dental treatment. (D.I.I 2 and 10). In order to state a claim for a violation of the Eighth Amendment in a case alleging inadequate medical treatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*citing Trop v.Dulles*, 356 U.S. 86, 101 (1958)).

        8.      The *Estelle* test has two components, the first of which requires that the plaintiff shows a serious medical need. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987) (quotations and citations omitted), *cert. denied*, 486 U.S. 1006 (1988). To satisfy the "deliberate indifference" portion of the *Estelle* test, a plaintiff must allege that a defendant either acted with reckless disregard for, or with actual intent to disregard, his medical condition. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). In *Farmer v. Brennan*, the Supreme Court set forth a subjective standard for the purpose of determining deliberate indifference:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must be aware of facts from which there could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.
> 511 U.S. 825, 834 (1994).

"Thus, under this prong, a prisoner must show not only that the official knew of the serious medical need, but also that he or she consciously disregarded it." *Waller v. O'Day*, Civ. A. No. 96-45 RRM, McKelvie, J., slip op. at 9 (D. Del. 1996)(citation omitted). Plaintiff fails to identify an act or omission with deliberate indifference performed by any individual state official or employee from the Delaware Department of Correction that would state a claim under the Eighth Amendment. As *Estelle* explains, "mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not

support a claim of cruel and unusual punishment." *Estelle*, *supra*, n. 21. *See also*, *Fitzgerald v. Septer*, 1998 U.S. Dist. LEXIS 23397, C.A. No. 97-663-JJF at 2 (D. Del. July 27, 1998) (holding that claim alleging mere dissatisfaction with medical care administered to prisoner is insufficient to support cognizable claim under § 1983).

9.  Plaintiff's claim is non-meritorious *ab initio.* He cannot possibly establish that the delay in responding to his complaint has prejudiced his ability to litigate or recover. [1] Moreover, State Defendants have appeared and pleaded defenses to plaintiff's claims; therefore plaintiff's claim for default judgment is moot.

**WHEREFORE**, for the hereinabove reasons, State Defendants respectfully requests that this Court enter an Order DENYING Plaintiff's Motion for Default Judgment.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE


/s/ Ophelia M. Waters,
Ophelia M. Waters, ID#3879
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, Delaware 19801

Attorney for State Defendants

Dated: September 4, 2007

---

[1] This argument is not intended to suggest that the Defendants simply ignored the complaint because they believed it was frivolous. If permitted, the Defendants will submit their arguments for dismissal to the Court for its determination.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2007, I electronically filed *State Defendants' Motion in Opposition to Default Judgment* with the Clerk of Court using CM/ECF. I hereby certify that on September 4, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

William Francis, Jr., Inmate
SBI # 264560
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us