IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR., | : |
| Plaintiff, | : |
| v. | : C. A. No. 07-015-JJF |
| WARDEN THOMAS CARROLL, | : |
| CORRECTIONAL MEDICAL SERVICES, | : TRIAL BY JURY OF |
| STAN TAYLOR, and JOYCE TALLEY, | : TWELVE DEMANDED |
| Defendants. | : |



## DEFENDANT CORRECTIONAL MEDICAL SERVICES' FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

TO:   WILLIAM FRANCIS, JR., *pro se* Plaintiff.

Pursuant to Fed. R. Civ. P. 33, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The Answers to Interrogatories shall be served on all interested parties within thirty (30) days after service of the attached Interrogatories.

These Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Fed. R. Civ. P. 34, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents can be inspected and the reason why they could not be attached to the Answers to Interrogatories.

DE088564.1

Pursuant to Fed. R. Civ. P. 26, all Interrogatories shall be answered with the limitation that the answers need not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

## INSTRUCTIONS FOR INTERROGATORIES

A. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences complained of in the pleadings.

B. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, the party's attorneys.

C. If you object to any interrogatory or any portion thereof, specify the Interrogatory and state all reasons for the objection thereto and respond in full to any portion to which you do not object.

D. If you believe that any of the following interrogatories call for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state the part of each discovery request to which you raise an objection, and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld. For each document as to which you claim privilege, set forth the date of the communication, the names of the communicants, names of other parties who participated in, overheard, were sent copies, or became privy to the communication, the subject matter of the communication, and the capacity in which each

communicant was acting at the time of the communication.

E.  All verbs include all tenses. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "Any" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

F.  The singular shall refer to the plural and the plural shall refer to the singular.

G.  These interrogatories shall be deemed to be continuing, so as to require supplemental answers where you or your attorneys come into possession of knowledge or information, responsible to these interrogatories, which has not previously been supplied. Such supplemental answers are to be served before trial and within a reasonable time after the information or knowledge is obtained. The date such additional knowledge came into your possession shall be specified, and also the identity of the individual(s) who furnished such additional knowledge or information to the person preparing the information.

H.  These Interrogatories are to be answered pursuant to Federal Rule of Civil Procedure No. 33 within thirty (30) days of service hereof.

I.  Please answer in the space provided after each question, and use supplemental document only if space provided is inadequate.

## DEFINITIONS FOR INTERROGATORIES

A.  "Identify" means when used in reference to:

(1) A natural person – his or her full name and present or last known business and home address.

(2) A company, corporation, association, joint venture, sole proprietorship, firm, partnership, or any other business or legal entity not a natural person – its full name now and at the time in question, and its principal place of business now and at the time in question.

DE088564.1

(3) A document – its character (e.g., letter, memorandum, report, etc.), its title, date, author, addressee, all distributees, and its subject matter.

(4) Any other thing – a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

When an interrogatory uses the words: "identify," the party served with the interrogatory must identify all documents, things and persons known to that party or to that party's attorney, and the addresses of all person(s) identified must be set forth.

B. The term "person" or "persons" include not only natural persons, but also public and private corporations, proprietorships, partnerships, governmental entities, associations, organizations, groups or divisions, plus any departments or units thereof.

C. "Document" means any papers, writings, things, or records of any type or source of authorship in Plaintiff's possession, custody or control, or of which Plaintiff has knowledge, wherever located, however produced or reproduced, and whether a draft, original or copy. By way of illustration and not limitation, the term "documents" shall include memoranda of telephone conversations or interviews, minutes, summaries or other records of any meetings, discussions or conferences; as well as other notes, reports, records, data, memoranda, insurance policies, correspondence, notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer printouts, computer records, computer discs, computer tapes, photographs, photograph negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications, and any other retrievable intelligence, however, recorded, memorialized or preserved. Any

DE088564.1

original or copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

D.  Where the context allows, the terms "and" and "or" shall mean "and/or," the plural of a word shall include the singular, the singular of a word shall include the plural, the past tense of a verb shall include the present, the present tense of a verb shall include the past, and the masculine shall include the feminine, so as in all cases to require the broadest response.

E.  "Relate" or "relating" means, in addition to the customary and usual meaning of these terms, discuss or discussing, refer or referring, mention or mentioning, reflect or reflecting, pertain or pertaining, assess or assessing, record or recording, comprise or comprising, consist of or consisting of, evaluate or evaluating, analyze or analyzing, in whole or in part, directly or indirectly.

F.  "You" shall mean Plaintiff and any agent or person purporting to act on your behalf.

G.  "Defendant" shall mean Correctional Medical Services, or any of the Defendants identified in Plaintiff's Complaint as Amended as well as their agents and employees or persons acting or purporting to act on their behalf.

H.  To the extent an identification of a document is sought herein and it was, but is no longer, in your possession, or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, the contents of the document, and the person who authorized the transfer, destruction or other disposition of the documents.

I.  If any information called for by an interrogatory herein is withheld because you

DE088564.1

claim that such information is contained in a privileged document or communication:

      (1)    Identify each such document or communication;

      (2)    State the basis upon which the privilege is asserted;

      (3)    State the paragraph of the interrogatory to which each such document and communication is responsive; and

      (4)    Identify each person (other than the attorneys representing Defendant in this action) to whom the contents of each such document and communication has heretofore been disclosed, either orally or in writing.

    J.    "Premises" or "property" shall mean the Delaware Correctional Center and/or any other location wherein you alleged acts were performed making defendant(s) liable to you.

    K.    "Incident" shall mean the incident alleged in Plaintiff's Complaint and any amendments thereto to have occurred on during the time incorporated in the pleadings.

## INTERROGATORIES

1. Give the names and last known addresses of all other persons who have knowledge of the facts alleged in the pleadings.

ANSWER: <u>Delaware Correctional Center</u>: 1181 Paddock Road/ Smyrna, DE 19977 - T. Hastings, HSA (2005); John Rundle, HSA (2006); Gail Eller, Dir. of Nursing; Lise M. Merson, IGC; David Pierce, Deputy Warden; Ihuoma Chuks, NPC; Thomas Carroll, Warden; Dr. Kathy Kionke, dentist; Dr. Bishop, dentist; Dr. Lisa, dentist; Georgiana Mickens, dental ass't.; Amy Munson, Gina Wolken, Rosalie Vargas. <u>CMS-Delaware Regional Office</u>: 1201 College Park Dr./Suite 101/Dover, DE 19904 - Scott S. Altman, Quality Assurance Monitor. <u>Bureau of Prisons</u>: 245 McKee Road/Dover, DE 19904 - Paul W. Howard, Bureau Chief; James Welch, Richard Seifert.

2. If you contend that your civil rights have been violated, please identify each action that you claim constitutes a violation, who performed the action, when and where the action was performed, what civil right or rights were violated by such action, and state all facts upon which

you base each claim of violation.

**ANSWER:** CMS employees/representatives Gail Eller, John Rundle, Scott S. Altman and T. Hastings were deliberately indifferent to plaintiff's need to be treated by a periodontist as a chronic care patient at the Delaware Correctional Center (DCC) from 2005 through 2007 (Eighth Amendment, U.S. Constitution)(Refer to Plaintiff's Answer to Request for Production of Documents for specific facts and documentation); Gail Eller, John Rundle, Scott Altman and T. Hastings treated plaintiff's chronic disease condition differently from other other similarly situated inmates suffering from other conditions at DCC from 2005 through 2007 (Fourteenth Amendment, U.S. Constitution).

3. State your employers' name and address, dates of employment, and location of employment from 1997 to the present.

**ANSWER:** From 1997 to 2003 I was employed by the Federal Bureau of Prisons (BOP) at the U.S. Penitentiary Atlanta, GA, Federal Correctional Institution (FCI) Manchester, KY and FCI Allenwood, White Deer, PA. The address of these locations, my supervisors and the exact dates of employment are available at the BOP headquarters in Washington, DC (www.bop.gov). I do not have any access to these records because I am incarcerated and I am not being represented by an attorney at this time.

4. If you have been convicted of, or plead guilty to, any crime, please state the date of

conviction or plea, the Court where the judgment or plea was entered, and the crime for which you were convicted or plead, and the sentence imposed for such conviction or plea.

ANSWER: In 1991, I pled guilty in the U.S. District Court for the District of Delaware (Wilmington) to conspiracy, armed bank robbery and firearms offenses. On January 30, 1992, I was sentenced to 14 years 6 months. On August 14, 1992, I was sentenced to 6 years for a firearm offense related to the armed bank robbery conviction in the Superior Court of New Castle County (Wilmington, DE).

5. Please list all doctors and/or health care professionals who treated or examined you from 1990 to the present, stating their names, addresses, phone numbers, specialties, if any, and the symptoms for which you treated with each doctor or health care professional.

ANSWER: In 1990 I had been residing in the Hampton/Newport News, VA area. I do not recall the doctors and/or health care professionals who treated or examined me in 1990. From March 14, 1991 to the present I have been incarcerated in several federal prisons and two Delaware state prisons. I do not have access to my medical records at this time because of policies in place prohibiting inmates from possessing copies of personal medical records. I have only been treated based on my recollection for dental needs and hypertension/high blood pressure.

6. If you attribute any physical, mental or emotional injuries to the claimed violations of your civil rights, please identify each such injury, the area of your body affected and date when such area of your body became affected.

DE088564.1

**ANSWER:** I have experienced persistent bleeding, swelling and acute pain in my gums and at the root of my teeth in between and after meals and imbibing water and liquids. I have headaches most days of the week and have trouble focusing at times. When my blood pressure is high I bleed most from my gums. I often feel depressed and very self-conscious about verbally interacting and socializing with people for fear of bad breath and having my bad teeth noticed by others. I have had incidents of shortness of breath and dangerous heart palpitations during sleep and periods of rest. From 2005 to the present my overall health has become progressively worse despite my efforts to better modify and monitor my diet and to increase rigorous exercise activities. Several more of my teeth have loosened and shiften out of place, and this has caused me much emotional and mental stress or anguish.

7. If you have received treatment from any healthcare provider for any injury you attribute to the alleged violation of your civil rights please identify the healthcare provider, the dates upon which you received treatment and the charges incurred to date.

**ANSWER:** Defendant CMS has been my exclusive health care provider and the exact dates upon which I received treatment and the charges incurred to date are known by the defendant. I do not have records of all dates and charges incurred to date. Defendant CMS maintains all records related to my treatment.

8. Please identify each person who has assisted you in preparation of any pleadings (including these Answers to Interrogatories) in the above litigation, indicating the person or

DE088564.1

persons' name(s), address(es), phone number(s) and describe in detail how they assisted you in preparing any pleadings.

**ANSWER:** I have prepared all pleadings in the above litigation.

9. What educational instruction have you received from 1990 to the present, indicating which institution offered the education, the subject matter in which you received education, and the date of completion of any such education.

**ANSWER:** In 1990 I attended Hampton University for two semesters as a biology major. In 2000, I earned a career diploma from Blackstone Paralegal Studies, Inc. In 2003, I earned a career diploma from Stratford Career Institute (SCI) for completion of a business management program. In 2007, I earned a career diploma from SCI for completion of a private investigation program.

DE088564.1

10. If you are claiming the right to receive money, please indicate the amount of money you are claiming and indicate in detail how you arrived at that amount.

**ANSWER:** I am claiming the right to receive the amount of $150,500.00. I arrived at this amount based on conversations with the three staff dentists that have treated me at the Delaware Correctional Center and various news sources. It is very difficult for non-felons to qualify for dental and health insurance and I must assume that it will be much more difficult for me because I am an ex-felon with advanced chronic periodontal disease. It has already been determined by the staff dentists that my condition requires several surgical and invasive procedures, including implants and bone replacement surgery. In addition, I will have to visit with a cardiologist to determine the impact of my periodontal disease on my hypertension/high blood pressure condition.

11. If you have ever been a party in any other civil lawsuits, either as a plaintiff or defendant, please indicate the Court which adjudicated the case, a general description of the claims that involved you and how those claims resolved and when they resolved.

**ANSWER:** William Francis, Jr. v. Wilmington Police Department (1991), U.S. District Court Wilmington, DE, excessive force, dismissed as a result of plaintiff's failure or inability to respond; William G.L. Francis, Jr. v. Bureau of Prisons(BOP)(2002), U.S. District Court Washington, DC, inaccurate and false records maintained by BOP, settled in favor of plaintiff; William Francis, Jr. v. Attorney General M. Jane Brady, et al (2003), U.S. District Court Wilmington, DE, determination of whether state sentence was consecutive or concurrent to federal sentence, dismissed after Delaware Supreme Court ruled in favor of State of Delaware.

12. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state the dates of initial employment, the date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.) and the names and addresses of all persons having copies of them.

ANSWER: Dr. Preston D. Miller, DDS and president of American Academy of Periodontology ("AAP") and Dr. Maciej Zaremba, researcher, AAP; Chicago, Illinois; AAP Public Affairs Department at 312/573.3243 or 312/573.3242 or www.perio.org. I expect to call both experts as witnesses at trial. I have not been in contact with these experts, however, as soon as the Court appoints counsel or I retain counsel I will be able to provide more detailed information.

13. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state: Answered in Interrogatory No. 12.

(a) the subject matter on which the expert is expected to testify; periodontology and hypertension and heart disease;

(b) the substance of the facts and opinions to which the expert is expected to testify; research results establishing a link between periodontology and hypertension and heart disease; the need for specialized care and treatment and the impact of daily flossing;

(c) a summary of the grounds for each such opinion. The American Heart Association, Centers for Disease Control and American Academy of Periodontology have all determined that periodontal disease is a significanty cause of and link to coronary artery disease.
ANSWER:

DE088564.1

14. Insofar as you intend to introduce into evidence any expert testimony concerning past or future loss of income or earning power or the present value of a sum of money concerning a future loss or expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state a specific description of the losses for which such calculations are being made (as for instance, present value of the loss of future earnings, present value of future medical expenses, etc.) and describe in detail precisely the manner in which the person reached his conclusions showing the mathematical calculations involved and insofar as such person has prepared any report, memoranda, or any other matter in writing showing in whole or in part his conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it.

ANSWER: At such time that I am seen and evaluated by a local periodontist a valuation estimate relating to future loss of income or earning power or the present value of a sum of money concerning a future loss or expense can be then determined and confirmed by an expert economist or actuary.

15. Please list all witnesses who will testify at trial, stating their names, ages, addresses, employment or occupation, phone numbers, relationship to you, and the facts of which they are expected to testify.

DE088564.1

ANSWER: Other than the above-named experts (Interrogatory No. 12), I intend to call Doctors Bishop, Kionke and Lisa, Gail Eller, Ihuoma Chuks, NPC, my parents, William Sr. and Ruby Francis, and their physicians. I will provide detailed information on these witnesses as soon as the Court appoints counsel or I retain counsel.

16. If you claim that the defendant violated any statute, State or Federal, or any regulation, code requirements or other mandatory instruction from any government authority whatsoever, specify in sufficient detail to enable the defendant to locate such statute, regulation, rule, code provision or mandatory instruction, the authority issuing it, and describe specifically the manner in which it was violated.

ANSWER: Defendant violated Title 11 Delaware Code Section 6536(a), Delaware General Assembly. Section 6536(a) specifies that dental services include preventive, diagnostic and therapeutic measures on both an outpatient and hospital basis for <u>all</u> types of patients, and I have been denied the specialized treatment pursuant to this code.

17. If you claim the right to recover in this litigation for any damage to any property of any kind whatsoever, describe such property damage in detail and the manner in which it was damaged, the amount you claim the right to recover as a result of such damages and the manner in which you calculated that amount.

ANSWER: I do not claim the right to recover in this litigation for any damage to any property of any kind. My claims are specifically directed at recovering for damages to my person and my health.

18. State whether you are willing to execute a written medical authorization to inspect the records of hospitals and doctors who have rendered any medical treatment as a result of this accident. If the answer is "yes", please execute two copies of the medical authorization attached to these interrogatories.

ANSWER: Yes, I am willing to execute a written medical authorization to inspect the records of hospitals and doctors who have rendered any medical treatment as a result of my periodontal disease and hypertension condition. You have not attached the medical authorization to these interrogatories.

19. Give the names and addresses of all doctors or health care professionals who have been your family physician and dental care providers either at the present time or in the past and the years in which said doctors or professionals treated you, as well as the ailments for which said family physician or professional treated you or attended you.

DE088564.1

ANSWER:  I do not have the names and addresses of all doctors or health care professionals who have been my family physician and dental care providers in the past and the years in which said doctors or professionals treated me, as well as the ailments for which said family physician or professionals treated me or attended me. Any records, including contact information, are in New York City and are maintained by my parents.

20. Have you had an operations during your lifetime? If so, state the type of operation; the date when the operation was performed; the name and address of the physician who performed the operation and the name and address of the hospital where the operation was performed.

ANSWER:  Yes. The operation was performed to remove blood and fluid from my left lung; the date was March 14, 1991; the name and address of the physician are unknown and the hospital was either St. Francis or Christiana in New Castle County, Delaware.

21. In general terms, please described your routine dental practices for the past five years.

ANSWER: From 2002 up to October 29, 2003, I was a prisoner at Federal Correctional Institution Allenwood in White Deer, PA. I flossed daily and brushed my teeth at least 2 - 3 times daily and used high/high quality name brand mouthwash. After October 29, 2003 and up to the present date I still brush 2 - 3 times daily, but I have not been able to floss due to a ban on dental floss imposed by Warden Thomas Carroll of the Delaware Correctional Center(DCC). The mouthwash offered at DCC is not sufficient or or good quality, however, I still use it because it is the only brand sold in the prison's commissart,

Marks, O'Neill, O'Brien & Courtney, P.C.

By: _____
Patrick G. Rock, Esquire (I.D. No. 4632)
Megan T. Mantzavinos, Esquire (I.D. No. 3802)
913 North Market Street, Suite 800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendants*

DATED: Aug. 13, 2007

DE088564.1

## Certificate of Service

I, __William Francis Jr__, hereby certify that I have served a true And correct cop(ies) of the attached: __[Answers] to Defendant CMS' First Set of Interrogatories__ upon the following parties/person (s):

TO: __Megan T. Mantzavinos__
__Ryan M. Ernst__
__913 Market Street, #800__
__Wilmington, DE 19801__

TO: _____

TO: __Office of the Clerk__
__844 N. King Street, Lockbox 18__
__Wilmington, DE 19801__

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __13th__ day of __September__, 200_7_

_William Francis, Jr., pro se_



Office of the Clerk
844 N. King Street, Lockbox 18
Wilmington, DE 19801