IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-015-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | OF TWELVE DEMANDED |
| THOMAS CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| STAN TAYLOR, and JOYCE TALLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES[1]

State Defendants Taylor, Carroll, and Talley respond to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

A.   State Defendants object to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

B.   State Defendants object to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

C.   State Defendants object to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

D.   State Defendants object to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

---

[1] Interrogatories duplicated from Plaintiff's original form.

  E. State Defendants object to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiff. Such documents will be identified by State Defendants but will not be produced.

  F. State Defendants object to the Interrogatories to the extent that they purport to require a production of information or documents which are impractical or unduly burdensome to reproduce.

  G. State Defendants object to the Interrogatories to the extent that they seek the production of documents generated by or received from their counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in State Defendants' Responses, State Defendants answer, after a reasonable search, and subject to supplementation, as follows:

## INTERROGATORIES

1. Defendant Carroll: On what date did you impose a ban on any type or kind of dental floss at Delaware Correctional Center (DCC), and on what date did the ban imposed by you become effective?

**ANSWER**: I did not impose a ban on all types or kinds of dental floss. Due to security reasons, string type dental floss is/was a prohibited item at the Delaware Correctional Center.

2. Defendant Carroll: State and enumerate the reasons for which the ban on dental floss at DCC was imposed.

**ANSWER**: Please refer to responding defendant's answer to number one above.

3. Defendant Carroll: Was the ban on dental floss related to any legitimate penological interest and/or security purpose(s) or objective(s)?

**ANSWER**: Yes. Please refer to responding defendant's answer to number one above.

Dental floss in string form is considered a non-allowable item for inmates at Delaware Correctional Center to possess. The string form dental floss can be fashioned into a tool to cut through metal bars, windows and fencing. Additionally, string dental floss can be fashioned into rope which can be used to cause bodily harm to inmates and correctional staff by means of strangulation and/or used to help effect an escape by climbing over fences and walls.

4. Defendant Carroll: Did you receive approval and authorization to impose a ban on dental floss at DCC from DOC Commissioner Stan Taylor?

**ANSWER**: The determination of what items are considered to be non-allowable for inmates to possess is made by institutional personnel.

5. Defendant Carroll: Were you aware at the time you imposed the ban on any type or kind of dental floss at DCC that the removal of and prohibition on dental floss would pose serious risks to oral health and overall physical well-being of the inmate population at DCC? Did you consult a medical/dental professional before imposing the ban and what is the name and last known address of the medical/dental professional or professionals?

**ANSWER**: No. Due to security concerns, inmates housed at DCC are prohibited from possessing dental floss in string form. Items which enable inmates to maintain oral health are available to the inmate population.

6. Defendant Carroll: Were you aware at the time you imposed the ban on any type or kind of dental floss at DCC that dental floss was being sold in the commissary to the inmate population at the Sussex Correctional Institution (SCI)?

**ANSWER**: I have no specific knowledge regarding your assertion as to items allegedly sold at the commissary at the Sussex Correctional Institution.

7. Defendant Taylor: Pursuant to Title 11 Del. Code Section 6536(a) through (e), describe your role, duties, obligations and powers in providing medical and dental services to inmates in all Delaware prisons and in entering into the contract(s) with Correctional Medical Services (CMS), Inc. to provide and offer such services to Delaware inmates.

**ANSWER**: I signed a contract between the Delaware Department of Correction and CMS that required CMS to provide medical and dental services to the inmate population according to NCCHC standards.

8. Defendant Taylor: Were you notified by defendant Carroll that a ban on dental floss was to be imposed at DCC? On what date were you notified? Please provide a copy of the letter, memorandum, fax, report or e-mail on which the notification was written.

**ANSWER**: I do not recall.

9. Defendant Taylor: Give names and last known addresses of the chief medical officer (CMO) and other persons who advised and assisted you regarding the dental care policies you implemented between January 1, 2004 and January 31, 2007.

**ANSWER**: I did not personally implement dental care policies.

10. Defendant Taylor: Between January 1, 2004 and January 31, 2007, were you informed by your advisors about the serious health risks associated with periodontal disease and the fact that at least 80% of inmates at DCC had been diagnosed with gum disease? Please provide copies of any and all memorandums, letters and reports prepared for you or by you between the above-referenced dates on dental care and services for inmates at DCC or in all Delaware prisons.

**ANSWER**: I do not recall any such information.

11. Defendant Taylor: In real dollars and cents, what percentage of the Department of Corrections' annual budget did you allocate for inmate dental care, treatment and services from January 2004 – January 2007? Please provide copies of the DOC's medical and dental services approved budget proposals from 2004 through 2007.

**ANSWER**: I do not recall the actual dollar and cents amounts. That information would have to come from the Department of Correction Administration Services Bureau or The State Budget Office.

12. Defendant Taylor: Pursuant to Title 11 Del. Code Section 6536(a), give the total number of Delaware inmates who you authorized to receive treatment at a clinic, medical institution or facility outside the Delaware Correctional Center from 2003 through 2007 and what percentage of the total was taken or escorted to a dental clinic or dental specialist's office for treatment, procedures and/or surgery.

ANSWER: Those transfers would be made by individuals below my level of authority and without my knowledge of approval.

13. Defendant Taylor: What percentage of the total inmate population in all Delaware prisons, and specifically the Delaware Correctional Center, was diagnosed as having high blood pressure/hypertension and gum and/or periodontal diseases, in 2004 up to and including the date you answered this Interrogatory?

ANSWER: I don't know.

14. Defendant Talley: What positions of employment did you maintain in the DOC from October 29, 2003 to April 1, 2007 or until the date you resigned from your position with the DOC?

ANSWER: Bureau Chief, Management Services

15. Defendant Talley: Pursuant to Title 11 Del. Code Section 6536(a) through (e), describe your role, duties, obligations and powers with respect to the provision of medical and dental services to inmates confined in Delaware prisons and the contracting of CMS, Inc. to provide and offer such services to Delaware inmates.

ANSWER: I monitored the healthcare contract to the extent possible to make sure that the timelines for various services were completed as required by the NCCHC standards. I met with the Healthcare Provider regularly as part of the Medical Review Committee to discuss any operational concerns, services timelines, and any concerns raised by the facility managers.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

 /s/ Ophelia M. Waters
Ophelia M. Waters, ID. #3879
Deputy Attorney General
Carvel Building
820 North French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
ophelia.waters@state.de.us

Date: April 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2008, I electronically filed *State Defendants' Responses to Plaintiff's First Set of Interrogatories* with the Clerk of Court using CM/ECF which will send notification of such filing to Eileen M. Ford, Esquire, Ryan M. Ernst, Esquire and Megan T. Mantzavinos, Esq. I hereby certify that on April 8, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

William Francis, Jr., Inmate
SBI # 264560
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

                                                **STATE OF DELAWARE**
                                                **DEPARTMENT OF JUSTICE**

                                                /s/ Ophelia M. Waters
                                                Ophelia M. Waters, I.D. #3879
                                                Deputy Attorney General
                                                820 North French Street, 6th Floor
                                                Wilmington, Delaware 19801
                                                (302)577-8400
                                                ophelia.waters@state.de.us

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-015-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | OF TWELVE DEMANDED |
| WARDEN THOMAS CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| STAN TAYLOR, and JOYCE TALLEY, | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFICATION AS TO ANSWERS

I hereby declare under penalty of perjury that the attached State Defendant's Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

_____
Stanley Taylor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-015-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | OF TWELVE DEMANDED |
| WARDEN THOMAS CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| STAN TAYLOR, and JOYCE TALLEY, | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFICATION AS TO ANSWERS

I hereby declare under penalty of perjury that the attached State Defendant's Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

_____
Thomas Carroll

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 07-015-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | OF TWELVE DEMANDED |
| WARDEN THOMAS CARROLL, | ) | |
| CORRECTIONAL MEDICAL SERVICES, | ) | |
| STAN TAYLOR, and JOYCE TALLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFICATION AS TO ANSWERS**

I hereby declare under penalty of perjury that the attached State Defendant's Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge and belief.

_____
Joyce Talley