IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR. | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 07-015-JJF |
| | : | |
| v. | : | |
| | : | |
| WARDEN THOMAS CARROLL, | : | |
| CORRECTIONAL MEDICAL SERVICES | : | TRIAL BY JURY OF |
| STAN TAYLOR, and JOYCE TALLEY, | : | TWELVE DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES GENERAL OBJECTIONS**

A.   Defendant Correctional Medical Services, Inc., ("Answering Defendant") objects to the Plaintiff's First Set of Interrogatories, insofar as they purport to impose obligations beyond those imposed or authorized by the Rules.

B.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information that is protected from discovery by the attorney-client privilege, the work product doctrine and other privileges and immunities protecting confidential information from discovery.

C.   Defendant objects to the Plaintiff's First Set of Interrogatories, including the Definitions and Instructions therein, insofar as the information sought requires Answering Defendant to speculate or is not limited to information or documents within Answering Defendant's possession, custody or control.

D.   Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information protected from disclosure as confidential or proprietary business

information.

E.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information or documents already in the possession, custody or control of Plaintiff or Plaintiff's counsel, or are otherwise available to Plaintiff from other, less burdensome sources, including, for example, publicly available documents.

F.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as the terms used therein are vague and ambiguous.

G.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, to the extent that they are overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence.

H.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories, insofar as they seek information relevant to Answering Defendant's defenses on the ground that such Requests are premature prior to the receipt of testimony from Plaintiff as to the basis, if any, of his claims

I.  Answering Defendant objects specifically to the Plaintiff's First Set of Interrogatories as overly broad, ambiguous, and unduly burdensome. In responding to Plaintiff's First Set of Interrogatories, Answering Defendant will use the ordinary meaning of the words or terms in Interrogatories.

J.  Answering Defendant objects to the Plaintiff's First Set of Interrogatories insofar as they assume the existence of certain facts that do not exist and the occurrence of certain events that did not occur. Any response by Answering Defendant to any individual numbered Interrogatory is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Plaintiff's First Set of Interrogatories.

{DE110574.1}

K.     Answering Defendant's failure to object to the Plaintiff's First Set of Interrogatories in a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

L.     These General Objections are incorporated into each of Answering Defendant's specific Responses to the Plaintiff's First Set of Interrogatories, and shall be deemed continuing as to each Request for Admission, Interrogatory or Request for Production and are not waived, or in any way limited by, the specific responses or any subsequent supplementation.

M.     Answering Defendant reserves the right to supplement or amend its responses and objections to the Plaintiff's First Set of Interrogatories. The fact that Answering Defendant has responded to the Plaintiff's First Set of Interrogatories shall not be interpreted as implying that Answering Defendant acknowledges the appropriateness of the Requests for Admissions, Interrogatories or Requests for Production.

N.     These responses reflect Answering Defendant's present knowledge, information, and belief, and may be subject to change or modification based on further discovery or on facts or circumstances which may come to Answering Defendant's knowledge. Answering Defendant's search for information and documents is ongoing and Answering Defendant reserves the right to rely on any facts, documents, evidence or other contentions that may develop or come to its attention at a later time and to supplement or amend the responses at any time prior to the trial of this action. Answering Defendant further reserves the right to raise any additional objections deemed necessary or appropriate in light of any further review.

**INTERROGATORIES**

1.     What are the required treatment options for chronic periodontitis proscribed by the American Dental Association (ADA), the American Academy of Periodontology (AAP), the National Institutes of Health (NIH) and the National Institute

{DE110574.1}

of Dental and Craniofacial Research (NIDCR)?

> **ANSWER:   Objection.  Answering Defendant objects to this interrogatory as it is vague, overly broad, ambiguous, and unduly burdensome and not designed to lead to the discovery of admissible evidence at trial.  Answering Defendant further objects on the grounds that the information sought in this interrogatory can be obtained by Plaintiff by making direct contact with the organizations mentioned above.**

2.      State, define and/or explain in detail each treatment option — surgical and non surgical — listed in the previous interrogatory.

> **ANSWER:   Answering Defendant incorporates herein the response to Interrogatory # 1 above.**

3.      Which of the stated treatment options are provided to inmate-patients

{DE110574.1}

diagnosed with chronic periodontitis at the Delaware Correctional Center (DCC)?

> **ANSWER: Answering Defendant incorporates herein the response to Interrogatory # 1 above. By way of further response and without waiving any objection, Answering Defendant responds that the treatment options provided by CMS to inmates incarcerated at the Delaware Department of Corrections (DCC) is in accordance with the standards set forth by the National Commission on Correctional Health Care (NCCHC). Said guidelines are available to Plaintiff in the public domain.**

4. Do dental implants help with the effects of periodontal disease?

> **ANSWER: Objection. Answering Defendant objects to this interrogatory as it is vague, overly broad, ambiguous in it assumes that all persons suffering from periodontal disease are treated with implants. Answering Defendant further objects to this interrogatory on the grounds that it seeks expert information regarding the impact of implants on the treatment of periodontal disease generally and not specifically as it relates to Plaintiff and his specific diagnosis and periodontal disease. By way of further response and without waiving said objection, Answering Defendant responds as follows: Dental implants replace missing teeth. If a tooth is lost as a result of periodontal disease, an implant may be an option to replace it. However, there are too many variables that need to be considered when contemplating implants as a treatment option for periodontal disease. Each case must be considered on a case by case basis.**

5. Is extraction the final treatment option offered to inmate-patients with chronic periodontal disease at the DCC?

**ANSWER:** Objection. This interrogatory is vague, overly broad and confusing in that Answering Defendant does not understand what Plaintiff means by the word "final" treatment option. Without waiving said objection Answering Defendant responds as follows: Dental treatment at DCC is provided upon the receipt of a Sick Call slip from the inmate. If an inmate puts in a Sick Call requesting treatment of gum disease, typically a full set of x-rays would be taken to assess the extent of the disease. For teeth that are deemed hopeless (i.e. have excessive mobility, and greater than 50% bone loss, and/or are actively infected (swelling and/or pus is present)), it would be recommended that the tooth be extracted. Otherwise, the inmate is informed that the teeth that can be saved need to be treated with good home care, by the inmate, by brushing and flossing, regular cleanings and monitored for future need of extraction.

6. What are the known health risks associated with chronic periodontal disease?

**ANSWER:** Objection. This interrogatory is vague, overly broad and confusing in it assumes there are known health risks associated with periodontal disease and that every person suffering from periodontal disease will experience the said risks. Answering Defendant further objects to this interrogatory on the grounds that it seeks expert information regarding the known health risks associated with periodontal disease generally and not specifically as it relates to Plaintiff and his specific diagnosis and periodontal disease. By way of further response and without waiving said objection, the known health risks of periodontal disease are documented in public documents and medical journals that are equally available to Plaintiff and/or any expert retained by Plaintiff.

{DE110574.1}

7. Can periodontal disease cause and /or contribute to health problems beyond the mouth such as hypertension/high blood pressure, stroke heart disease, diabetes and oral cancer?

> **ANSWER: Objection. This interrogatory is vague, overly broad and confusing in it assumes that every person suffering from periodontal disease will experience the problems identified in this interrogatory. Answering Defendant further objects to this interrogatory on the grounds that it seeks expert information regarding the known health risks associated with periodontal disease generally and not specifically as it relates to Plaintiff and his specific diagnosis and periodontal disease. By way of further response and without waiving said objection, the known health risks of periodontal disease are equally available to Plaintiff and/or any expert retained by Plaintiff.**

8. Have you contracted a periodontist to provide treatment to inmate-patients at the DCC?

> **ANSWER: Answering Defendant objects to this interrogatory as it contains an assumption that Answering Defendant is required to contract with a periodontist in providing services to the State of Delaware Department of Corrections. By way of further response and without waiving said objection, Answering Defendant responds as follows, No.**

9. Do you consider chronic periodontitis or periodontal disease to be a serious m e d i c a l c o n d i t i o n ?

> **ANSWER: Objection. This interrogatory calls for a legal conclusion as to the term "serious medical condition" which is an element of the cause of action which Plaintiff has the responsibility of proving in this case. Answering Defendant further objects to this interrogatory on the grounds that it seeks expert information regarding the "seriousness" of periodontal disease generally and not specifically as it relates to Plaintiff and his specific diagnosis and periodontal disease. By way of further response and without waiving said objection, the information sought in this interrogatory is**

{DE110574.1}

**documented in public documents and medical journals that are equally available to Plaintiff and/or any expert retained by Plaintiff.**

10.  Dentists and dental hygienists at the Delaware Correctional Center (DCC) have repeatedly told Plaintiff that they cannot provide any treatment beyond routine teeth cleaning and dental extraction. Why has Plaintiff not been referred to a periodontist for treatment?

**ANSWER:** **Objection. Answering Defendant objects to this interrogatory as the first sentence assumes the existence of facts not in evidence as to what dentist and dental hygienists at DCC have repeatedly told Plaintiff.  With respect to the second sentence of this interrogatory Answering Defendant responds as follows**: **The medical records (which Plaintiff has a copy of) reveal that, given the extent of Plaintiff's bone loss,  Plaintiff had early onset periodontal disease that existed long before Defendant became medical provider at DCC on July 1, 2005 and long before Plaintiff became an inmate at DCC.  The medical staff at DCC have provided Plaintiff with adequate medical care for his periodontal disease during his incarceration at DCC and just because Plaintiff asks to see a periodontist does not mean that he is going to get what he wants "on demand".  Given the early onset of his periodontal issues and the extent of bone loss indicated by the medical records and X-Rays, treatment by a periodontist would not have significantly altered his overall outcome and prognosis.**

11.  When will Plaintiff be referred to a periodontist for treatment for his chronic periodontal disease?

**ANSWER:** **Objection.  This interrogatory contains an implied assumption of fact that Answering Defendant is required to send Plaintiff to a periodontist.  By way of further response and without waiving any objection Answering Defendant answers as follows: See Response to Interrogatory 10 above.**

**As to objections:**

           <u>Eileen M. Ford, Esquire</u>
Eileen M. Ford, Esquire (#2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
*Attorney for Defendant*
*Correctional Medical Services*

DATED:  6/26/08

{DE110574.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM FRANCIS, JR.         :
                             :
Plaintiff,                   :
                             :    C.A. No.: 07-015-JJF
v.                           :
                             :
WARDEN THOMAS CARROLL,       :
CORRECTIONAL MEDICAL SERVICES:    TRIAL BY JURY OF
STAN TAYLOR, and JOYCE TALLEY,:   TWELVE DEMANDED
                             :
Defendants.                  :

**VERIFICATION**

STATE OF DELAWARE:
                        : ss
COUNTY OF _New Castle_  :

I, **Cathy Kionke, D.M.D.**, am the Correctional Dentist (and former Dental Director) for Correctional Medical, Inc., and hereby swear and/or affirm that the Defendant Correctional Medical Services, Inc.'s Answers to Plaintiffs' First Set of Interrogatories #'s 4, 5, 6 & 10 as they pertain to any dental treatment issues, are true and correct to the best of my personal knowledge, information, and/or belief. I verify under penalty of perjury that the forgoing is true and correct.

Executed on: 6/26/08

CORRECTIONAL MEDICAL SERVICES, INC.

By: _____
Authorized Representative
Cathy Kionke, D.M.D.

SWORN TO and SUBSCRIBED before me on the day and year first written above
_____
NOTARY PUBLIC
My Commission expires on: 5/9/09

{DE111577.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM FRANCIS, JR.

Plaintiff,

v.

C.A. No.: 07-015-JJF

WARDEN THOMAS CARROLL,
CORRECTIONAL MEDICAL SERVICES
STAN TAYLOR, and JOYCE TALLEY,

TRIAL BY JURY OF
TWELVE DEMANDED

Defendants.

**VERIFICATION**

STATE OF Delaware

COUNTY OF Sussex                : ss

I, Arnold B. Mann, am the Regional Dental Director for Correctional Medical, Inc., and hereby swear and/or affirm that the Defendant Correctional Medical Services, Inc.'s Answers to Plaintiffs' First Set of Interrogatories as they pertain to any corporate matters, are true and correct to the best of my personal knowledge, information, and/or belief. I verify under penalty of perjury that the forgoing is true and correct.

Executed on: 6-25-08

CORRECTIONAL MEDICAL SERVICES, INC.

By: _____
Authorized Representative
Print Name: Dr. Arnold B. Mann
Title: Regional Dental Director

SWORN TO and SUBSCRIBED before me on the day and year first written above.

_____
NOTARY PUBLIC

My Commission expires on: Dec. 1, 2010

JANINE M. EZELL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires Dec. 1, 2010

{DE110574.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-015-JJF |
| | : | |
| WARDEN THOMAS CARROLL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| STAN TAYLOR, and JOYCE TALLEY, | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on **June 27, 2008,** I electronically filed the **Defendant CMS's Response to Plaintiff's First Set of Interrogatories** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Ophelia M. Waters. I have served via first class mail two copies of foregoing to the Pro Se Plaintiff:

William Francis, Jr., *Pro Se*
Inmate SBI# 264560
Webb Community Correction Facility
200 Greenbank Road
Wilmington, DE  19808

*/s/ Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

{DE111721.1}