IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR., ) | |
| ) | |
| Plaintiff, ) | Case No.: 07-015-JJF |
| ) | |
| v. ) | TRIAL BY JURY |
| ) | OF TWELVE DEMANDED |
| THOMAS CARROLL, ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| STAN TAYLOR, and JOYCE TALLEY, ) | |
| ) | |
| Defendants. ) | |

## STATE DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF PROCEEDINGS

COME NOW, Stanley Taylor, Thomas Carroll and Joyce Talley, (hereinafter "State Defendants") by and through undersigned counsel hereby respond to Plaintiff's Motion for Stay of Proceedings and Appointment of Counsel (D.I. 67), and in support thereof state as follows:

1. On or about January 9, 2007, plaintiff, *pro se*, filed a complaint for damages against Defendants Taylor, Carroll, and Talley for claims in connection with the exercise of their official powers and duties within the Department of Correction (D.I. 2). Plaintiff amended his complaint on April 23, 2007 (D.I. 10).

2. On or about Thursday, February 28, 2008, undersigned counsel received electronic notice of interrogatories propounded to Defendants Taylor, Carroll, and Talley (D.I.48). State Defendant Taylor is retired from state employment. State Defendant Carroll is no longer the warden at the James T. Vaughn Correctional Center, f/n/a the Delaware Correctional Center.

3. On or about July 13, 2008, subsequent to depositions conducted by the co-defendants, plaintiff filed this motion seeking a stay of the proceedings and an appointment of

counsel. This is Defendants response to plaintiff's requests.

    4.    *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the Court of Appeals found a constitutional right to counsel for civil litigants."). It is solely within the Court's discretion to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e) (1). In exercising its discretion, the court must initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)). If this threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459. These factors are:

> (1)    The plaintiff's ability to present his or her own case;
> (2)    The complexity of the legal issues;
> (3)    The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)    The amount a case is likely to turn on credibility determinations;
> (5)    Whether the case will require the testimony of expert witnesses;
> (6)    Whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5). While these factors should guide the court in evaluating the appointment of counsel, this list is not exhaustive and the court retains broad discretion. *Tabron*, 6 F.3d at 157. The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'"

*Id.*, quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

    5.    Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's

ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron* analysis.

6.  Concerning plaintiff's ability to present his own case, plaintiff argues in his motion that due to his incarcerated status and inexperience in the law. (D.I. 67). Plaintiff's extensive pleadings indicate the contrary. Plaintiff has filed a complaint and several motions. Clearly, Plaintiff has demonstrated that he has a sufficient grasp of English, both reading and writing, and that he has been able to utilize such resources as a typewriter, photocopying machine, pen, paper, as well as law library services. In sum, Defendants believe that plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

7.  Concerning the complexity of the legal issues raised by plaintiff's claims, essentially, his claim is a deprivation of adequate medical care in violation of his constitutional rights. Defendants believe that plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

8.  Concerning the factual investigation necessary to the full presentation of plaintiff's claims, and plaintiff's ability to pursue the same, plaintiff argues in his motion that the administration at the Plummer Community Correction Work Release Unit does not assist offenders by providing them with adequate law libraries or adequate assistance from persons trained in the law. (D.I. 67). Defendants believe plaintiff has the ability to pursue a factual investigation sufficiently to make a case against the appointment of counsel. In fact, Defendants have provided plaintiff with documents, such as medical records documenting medical care and treatment, and institutional records and reports associated with his claims raised. (D.I. 47).

9. Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the plaintiff can afford or obtain counsel on his own behalf, Defendants believe credibility will not be a central issue in this case - this factor weighs against the appointment of counsel. Expert testimony does not appear to be required - this also weighs against the appointment of counsel. In light of this Court's grant of *in forma pauperis* status, it seems clear plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel. Defendants believe this latter factor is outweighed by the other factors in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

10. Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by filing motions. Finally, plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

11. In addition, prejudice will result to Defendants if a stay is imposed as facts become old, memories become stale and personnel changes occur which may impair Defendants' ability to get an accurate account of the facts in a case.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion to stay the proceedings and/or for appointment of counsel.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/Ophelia M. Waters
                Ophelia M. Waters, I.D. No. 3879
                Deputy Attorney General
                Carvel State Building, 6th Floor
                820 N. French Street
                Wilmington, Delaware 19801
                (302) 577-8400

Date: July 31, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2008, I electronically filed *State Defendants' Opposition in Response to Plaintiff's Motion for Appointment of Counsel and Stay of Proceedings* with the Clerk of Court using CM/ECF.  I hereby certify that on July 31, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

    William Francis, Jr., Inmate
    SBI # 264560
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us