IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM FRANCIS, JR. | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 07-015-JJF |
| | : | |
| v. | : | |
| | : | |
| WARDEN THOMAS CARROLL, | : | |
| CORRECTIONAL MEDICAL SERVICES | : | TRIAL BY JURY OF |
| STAN TAYLOR, and JOYCE TALLEY, | : | TWELVE DEMANDED |
| | : | |
| Defendants. | : | |

**CORRECTIONAL MEDICAL SERVICE, INC.'S. RESPONSE TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS AND APPOINTMENT OF COUNSEL**
**{Related Docket # 67}**

COMES NOW, Correctional Medical Services, Inc (hereinafter "Defendants") by and through its undersigned attorney to hereby respond to Plaintiff's Motion for Stay of Proceedings and Appointment of Counsel (DI 67) and in support thereof states as follows:

    1.    No response required.

    2.    Defendant has no information to verify the accuracy of the contents of this paragraph.

    3.    No response required.

    4.    Defendant has no information to verify the accuracy of the contents of this paragraph.

    5.    Denied as stated. On or about June 18, 2008 the parties took the oral deposition of Plaintiff. During the deposition, counsel for CMS and Plaintiff methodically went

through all of Plaintiff's dental records and grievances related thereto, which formulate the basis for his compliant and therefore, it is highly unlikely that additional medical records would be needed and/or relevant in this case. The exchange between the parties went as follows (See **Exhibit "A"** attached):

*Q.     With respect to your request for periodontal visits on the outside, we just went through your entire grievance history, dental history and your entire dental/medical file at DCC.*

*A.     Okay.*

Additionally, during the course of the deposition Plaintiff admitted that his exact claim against CMS is limited to his not being referred to a periodontist for treatment. The exact exchange is as follows (See **Exhibit "B"** attached):

*Q. With respect to your claims against CMS, is everything that you are asserting against CMS currently contained in all of the pleadings you have filed?*

*A.     Yes. Based on the issue of the treatment, being seen by a periodontist, I would say yes.*

*Q.     What is your exact claim?*

*A.     Well, the thing is, I don't, I did not wish to be discriminated against in terms of my treatment. I wanted the same treatment that other inmates have for serious diseases. And it's a chronic disease, and I wanted the treatment."*

*Q.     So your basic claim against CMS is solely that they didn't send you to a periodontist?.*

*A.     Yes.*

Defendant CMS contends that the above dialog significantly narrows the issues with respect to this case, making it much less complicated than Plaintiff believes it to be.

6. Denied that Plaintiff does not have enough experience in civil practice and procedure to represent himself further. According to Plaintiff's Complaint (DI 2) in the last 6 years, Plaintiff has filed two (2) prior lawsuits and, to date, has filed neat orderly and comprehensive pleadings presenting his allegations in this case. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case. *Id* at 26, *accord, Pierce v. Vaughn*, 1992 U.S. Dist. LEXIS 12, 553 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* 1992 U.S. Dist. LEXIS 13, 940 (E.D.P.A. Sept. 15, 1992) factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3 147, 155-56 (3d Cir.1993), *cert. denied,* 114 S. Ct. 1306 (1994).

7. Denied that no prejudice will result to Defendant if a stay is imposed as facts become old, memories become stale and personnel changes effect Defendant's ability to get an accurate account of the facts in a case. Plaintiff does not need to have a stay imposed at this time as Defendant CMS is in the process of preparing a Motion for Summary Judgment, which they intend to file within the next 60 days. Consequently, any answer required by Plaintiff,

{DE113593.1}

would be due in or about October 2008 when he is scheduled to be released. Once released, he will have the ability to get to a law library to prepare his response.

### ADDITIONAL ARGUMENT

8. Defendant CMS adopts and incorporates by reference as if fully set forth herein the response of the State Defendants (DI 68) that wass filed in response to Plaintiff's motion.

WHEREFORE, Defendant, CMS, respectfully request that Plaintiff's Motion to Stay the Proceedings and for Appointment of Counsel be denied.

                    /s/ Eileen M. Ford
Eileen M. Ford, Esquire (ID # 2870)
Megan T. Mantzavinos, Esquire (ID #3802)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, Suite 800
Wilmington, DE  19801
(302) 658-6538
Attorney for Defendant
Correctional Medical Services

Date: August 1, 2008

{DE113593.1}

Exhibit "A"
07-015JJF

William G. L. Francis, Jr.

140

1  Q. You had a sick call on 8/16/07; correct?
2  A. Correct.
3  Q. And that you were basically, you know, saying
4  that you were still bleeding from the treatment that you
5  had the day before; correct?
6  A. Yes.
7  Q. Okay. And then in response to that sick call,
8  you were seen on 8/21/07?
9  A. Yes.
10 Q. In the medical records. And at that point the
11 bleeding had stopped, and that you were not in any pain.
12 You didn't have any problems swallowing. And that you
13 wanted to wait on an extraction because you didn't want
14 to have teeth extracted while you were incarcerated.
15 A. Until I could have the gum surgery.
16 Q. Correct.
17    With respect to your request for
18 periodontal visits on the outside, we just went through
19 your entire grievance history, dental history and your
20 entire dental/medical file at DCC.
21 A. Okay.
22 Q. Referring to the grievances that you filed,
23 the one on July 10th, '04, 10/8/04, 4/19/05, 6/16/05;
24 they were all related to the floss issue?

Exhibit "B"
07-015JJF

William G. L. Francis, Jr.

144

1  　　　　　MS. WATERS: I have no further
2  questions.
3  　　　　　MS. FORD: I do have one follow-up,
4  sorry.
5  　　　　　　　　　EXAMINATION
6  BY MS. FORD:
7  　　Q.　With respect to your claims against CMS, is
8  everything that you are asserting against CMS currently
9  contained in all of the pleadings that you have filed?
10 　　A.　Yes. Based on the issue of the treatment,
11 being seen by a periodontist, I would say yes.
12 　　Q.　What is your exact claim?
13 　　A.　Well, the thing is, I don't, I did not wish to
14 be discriminated against in terms of my treatment. I
15 wanted the same treatment that other inmates have for
16 serious diseases. And it's a chronic disease, and I
17 wanted the treatment.
18 　　Q.　So your basic claim against CMS is solely that
19 they didn't send you to a periodontist?
20 　　A.　Yes.
21 　　　　　MS. FORD: No further questions.
22 　　　　　MS. WATERS: At this time, Mr. Francis,
23 this concludes our deposition of you today. What we will
24 do is, what I will do is get a copy, or the original, I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM FRANCIS, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C. A. No. 07-015-JJF |
| | : |
| WARDEN THOMAS CARROLL, | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| STAN TAYLOR, and JOYCE TALLEY, | : |
| | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, **Eileen M. Ford, Esquire**, hereby certify that on **Aug 1, 2008,** I electronically filed the **Correctional Medical Service, Inc.'s Response to Plaintiff's Motion for Stay of Proceedings and Appointment of Counsel {Related Docket # 67}** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Ophelia M. Waters. I have served via first class mail two copies of foregoing to the Pro Se Plaintiff:

William Francis, Jr., *Pro Se*
Inmate SBI# 264560
Plummer Community Correction Center (PCCC)
38 Todds Lane
Wilmington, DE 19802
Via First Class US Mail

 

*/s/ Eileen M.Ford*
Eileen M. Ford, Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street, #800
Wilmington, DE 19801
(302) 658-6538
*Attorney for Defendant*

{DE113945.1}