```
               IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF DELAWARE
```

WILLIAM FRANCIS, JR.,              :
                                   :
          Plaintiff,               :
                                   :
     v.                            :   Civ. Action No. 07-015-JJF
                                   :
WARDEN THOMAS CARROLL,             :
CORRECTIONAL MEDICAL               :
SERVICES, STAN TAYLOR, and         :
JOYCE TALLEY,                      :
                                   :
          Defendants.              :

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motion To Compel, Request For Counsel, and Motion To Stay. (D.I. 51, 59, 67.) For the reasons discussed below, the Motion To Compel will be granted in part and the remaining Motions will be denied.

**I. BACKGROUND**

Plaintiff William Francis, Jr. ("Plaintiff") filed this lawsuit alleging deliberate indifference to serious medical needs (i.e., periodontal disease) when he was incarcerated at the Delaware Correctional Center ("DCC"), now known as James T. Vaughn Correctional Center ("JCC"), Smyrna, Delaware. Plaintiff is now housed at the Plummer Community Correctional Center ("Plummer"), Wilmington, Delaware.

## II. PENDING MOTIONS

### A. Motion To Compel

On February 26, 2008, Plaintiff served interrogatories upon Defendants Thomas Carroll, Stan Taylor, and Joyce Talley. (D.I. 48.) Defendants did not timely answer the interrogatories and on April 4, 2008, Plaintiff mailed for filing the pending Motion To Compel on the grounds that Defendants did not answer the interrogatories within the time prescribed by the Federal Rules of Civil Procedure. (D.I. 51.) The Motion was filed on April 7, 2008. Defendants answered the interrogatories the next day, April 8, 2008. (D.I. 50.) Plaintiff seeks an order requiring Defendants to fully answer the interrogatories and for an order awarding him reasonable expenses in obtaining the order. In his supplement to the Motion, Plaintiff argues that Defendants' answers were insufficient or inadequate with respect to documents requested in his interrogatories. (D.I. 53.)

In their response, Defendants indicate that they received notice of the interrogatories on February 28, 2008, and that they answered the interrogatories on April 8, 2008, not knowing that Plaintiff had filed a Motion To Compel. Defendants ask the Court to deny the Motion on the grounds that Plaintiff did not make a good faith effort to obtain answers to the interrogatories as required by Fed. R. Civ. P. 37(a)(5)(A)(i) and that Plaintiff

does not suggest that the Answers are insufficient or inadequate.

Rule 33 provides that a party responding to interrogatories must serve its answers and any objections within thirty days after being served. Fed. R. Civ. P. 33(b)(2). The rule goes on to state that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for cause, excuses the failure." Id. at (b)(4).

Defendants' position that Plaintiff was required to made a good faith effort or attempt to confer with them for failing to provide discovery pursuant to Fed. R. Civ. P. 37 fails to take account of this Court's Local Rules. Local Rule 7.1.1, "Pleadings and Motions" provides that "every nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with opposing party on the matters set forth in the motion," "except for civil cases involving pro se parties." Inasmuch as Plaintiff proceeds pro se, pursuant to the Local Rules he was not required to comply with the good faith certification requirement.

Defendants did not timely object to the interrogatories and, therefore, their objections are waived. The Court finds that Defendants have not provided good cause for their failure to

timely answers, to the extent that they suggest there was a delay in answering the interrogatories because Defendant Taylor is retired and Defendant Carroll is no longer the warden at the DCC. The change of employment status is not a valid excuse for their untimely answer to the interrogatories. Counsel need merely have requested an extension of time to file answers and/or objections.

Defendants have answered the interrogatories. Yet it appears that Defendants did not provide any of the documents requested in the interrogatories. Generally, documents are produced pursuant to Fed. R. Civ. P. 34. However, Plaintiff proceeds pro se and, therefore, the Court will allow some leeway with the discovery rules. Accordingly, the Court will grant Plaintiff's Motion to Compel to the extent that he seeks production of the documents requested in the interrogatories. The Court will deny the Motion to the extent that Plaintiff seeks costs and attorney's fees incurred when filing the Motion. Plaintiff proceeds pro se and, as a result, there are no attorney's fees.

**B.  Requests To Appoint Counsel And To Stay Proceedings**

Plaintiff is currently on work release at Plummer. He requests counsel on the grounds that counsel is necessary to represent him during the taking of his deposition, he has limited knowledge of the law, his current housing assignment prohibits

him from visiting any law libraries, he has no access to the internet, photocopy or fax machines, and Plummer does not have a law library or offer paralegal services to work release residents. (D.I. 59, 67.) Plaintiff advises that his anticipated release date is October 2008 and that the terms of his federal and state probation subject him to transfer to the State of New York pursuant to the Interstate Compact Agreement. Therefore, he asks the Court to stay the proceedings until he has transitioned from work release to the State of New York and he is provided counsel.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the Court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for is warranted at this time. It appears that Plaintiff's deposition has been taken as it was scheduled to take place on June 18, 2008. (D.I. 62.) Moreover, Plaintiff has demonstrated an ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Therefore, the Court will deny without prejudice the Requests For Counsel. (D.I. 59, 67.) For the same reasons, the Court will also deny the Request To Stay The Proceedings. (D.I. 67.)

### III.  CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion To Compel is **GRANTED in part and DENIED in part**.  (D.I. 51.)  Defendants shall **PRODUCE** the documents requested by Plaintiff within **thirty (30) days** from the date of this Order.

2. Plaintiff's Requests For Counsel are **DENIED without prejudice**.  (D.I. 59, 67.)

3. Plaintiff's Motion To Stay is **DENIED**.  (D.I. 67.)

October 21, 2008  
DATE

Joseph J. Farnan Jr.  
UNITED STATES DISTRICT JUDGE